## A. ELTRINGHAM *v.* JOHN D. EARHART.

DAMAGES.  *Action for assault and battery.  Pecuniary condition of parties considered.*
In estimating damages in a civil action for assault and battery the jury may
take into consideration the pecuniary condition of both the plaintiff and
defendant.

FROM the circuit court of Adams county.

HON. RALPH NORTH, Judge.

Appellee, Earhart, sued Eltringham, claiming one thousand dol-
lars, damages for an assault and battery.  The evidence for the
plaintiff showed that he was attacked by defendant and another
(both being stronger than plaintiff), and severely beaten, and was
thereby disabled for about two weeks.  There was also evidence,
admitted over defendant's objection, that the plaintiff was a poor
man and that the defendant owned property of the value of fifteen .
or twenty thousand dollars.  The evidence was conflicting as to
whether the defendant Eltringham struck the plaintiff, and as to
the origin and cause of the difficulty, and as to which of the parties
made the first assault.

Among other things, the plaintiff introduced the record of a
conviction of the defendant, Eltringham, before a justice of the
peace on a criminal charge for the assault and battery, from which
it appeared that the defendant pleaded guilty and was fined two
dollars and costs.  This was admitted over the objection of the
defendant.  The evidence tended to show that there was no formal
plea of guilty, but that the defendant stated to the justice that he
was not guilty, but that he preferred paying a nominal fine to a
trial.

The following instructions were given for plaintiff:—

" 1. The court instructs the jury that if they believe from the
evidence that the defendant made an assault upon the plaintiff and
beat him without provocation from the plaintiff, then they will find
for the plaintiff.

" 2. The court instructs the jury that there is no precise rule by
which damages may be measured in this cause, but that the jury in
estimating the damages should consider, not only the personal

suffering of the plaintiff, but should also, in order to arrive at a just verdict, consider the mental suffering of the plaintiff from the insult and indignity of the defendant Eltringham's blows.

" 3. When the defendant in a suit against him for assault and battery pleads *son assault demesne*, or, in other words, justification, then the burden of proof is upon him to show that he was justified in making the assault, and the jury should find for the plaintiff, unless the evidence in the case satisfies the jury that Earhart was the aggressor and first committed an assault upon Eltringham before the latter attacked him.

" 4. The court instructs the jury that they are the sole judges of the credibility of the witnesses, and that in passing upon said credibility they are to take into consideration all the circumstances, which, as disclosed by the evidence, might influence any one or more of said witnesses in this case to testify falsely.

" 5. The court instructs the jury that if they believe from the evidence that the defendant has once been convicted in a criminal proceeding growing out of the facts of this case, yet this does not preclude the plaintiff from bringing a civil suit for damages.

" 6. If the jury find for the plaintiff, they have a right to take into consideration in estimating the damages the pecuniary condition of both the plaintiff and the defendant.

" 7. It is sufficient for the plaintiff to prove that the defendant made an assault upon him and struck him, and it is not necessary for the plaintiff to further prove that the defendant kicked him, but if the jury are satisfied from the evidence that the defendant did make an assault upon and strike the plaintiff, whether with hand or foot or otherwise, then they may find a verdict for the plaintiff, provided he, the plaintiff, did not make the first assault."

The following instructions were given for defendant :—

" 1. The court instructs the jury that if they believe from the evidence that at the time of the alleged assault plaintiff used insulting and aggravating language or words calculated to provoke a difficulty, the use of such words may be considered by the jury in making up their verdict as to the damages, if any, sustained by the plaintiff.

"2. The court instructs the jury that if they believe from the evidence that Earhart was injured by blows and injuries inflicted upon his person at the time stated in the declaration, yet if they believe that such blows and injuries were inflicted upon him by William Tuttle, and not by the defendant, Eltringham, then they should find for the said defendant.

"3. The court instructs the jury that if they believe that the injuries received by the plaintiff, Earhart, were received during, and grew out of, a drunken broil, and at a time and place when the parties were under the influence of liquor, and it does not clearly appear who was to blame for the resulting injuries to plaintiff, then they should find for defendant.

"4. The court instructs the jury that they are not to consider, in determining whether or not the plaintiff is entitled to damages, anything that Tuttle may have done to the plaintiff, as shown in the evidence.

"5. The court instructs the jury that in considering the question whether the plaintiff is entitled to damages, they are not to consider the entry made by Justice Parsons on his docket of the plea to the affidavit charging him with assault on the plaintiff, if they believe said entry was made without defendant having theretofore so pleaded to said affidavit.

"6. The court instructs the jury they are not to consider costs or fees of counsel, in considering the question of damages.

"7. The burden of proof is on the plaintiff to show by a preponderance of testimony all the material allegations in his declaration. If the jury believe from the evidence that the plaintiff, John D. Earhart, first assaulted the defendant, A. Eltringham, immediately before the defendant struck or attempted to strike the plaintiff, then the defendant was justifiable in repelling the assault by violence, and the jury should find for the defendant.

"8. The court instructs the jury that if from the evidence they consider it doubtful as to who began the difficulty, or who made the first assault, the plaintiff or the defendant, then they will find for the defendant."

The court refused the following instructions asked by defendant:—

" 6. The court instructs the jury that if they believe from the evidence that the plaintiff provoked and brought on the difficulty in which he received the assault and injuries by the use of insulting words to the defendant, the jury may find for the defendant, if they are satisfied the insulting words, if any were used, justified or excused the assault.

" 7. The court instructs the jury that the burden is upon the plaintiff to establish, by a preponderance of testimony in the case, that he was assaulted by defendant without excuse or provocation being given by the plaintiff."

Verdict and judgment for plaintiff for $200. Motion for new trial overruled. Defendant appeals. Neither in the motion for new trial nor in the assignment of errors is it urged that the verdict is excessive.

*J. M. Gibson*, for appellant.

1. The verdict of the jury is against the clear preponderance of the evidence, and it is manifestly based on prejudice.

2. The record of conviction on the criminal charge should have been excluded from the jury. Defendant did not plead guilty; at most there was only a plea of *nolo contendere*. This error is fatal to the judgment. On this point, see 2 Greenleaf's Ev., § 90.

3. It was error to refuse defendant's sixth and seventh instructions. Words themselves sometimes constitute an assault. The seventh instruction as to the burden of proof was clearly right. 1 Wharton's Ev., § 358.

4. There was manifest error in giving plaintiff's sixth instruction. There was no evidence that plaintiff was subjected to any *special pecuniary loss* because he was poor. The jury were told that if the defendant had worldly goods, and the plaintiff was poor, every kick and blow was worth that much more. We find no authority to support this instruction, and reason rebels against it. If this is the law, the chimney-sweep may gleam out of the soot and chuckle as Jay Gould goes by because his feelings are worth

more in court than the millionaire's. Strange that such an instruction has never been invoked in actions for personal injuries against railroad companies. In it balm may have been found for many a bruised limb.

*James G. Leach,* on the same side.

(Counsel filed a lengthy brief, discussing the facts of the case and insisting that the verdict is against the evidence; but, owing to the view taken of the case by this court, it is not deemed necessary to give the argument.)

*Claude Pintard,* for appellee.

1. The verdict is fully sustained by the evidence. A finding for the entire amount claimed would not have been excessive. In actions of this character it is well settled that the jury may give punitive as well as actual damages. 27 Miss. 68; Sedgwick on Damages, 39, *et seq.*, and authorities there cited.

The finding of the jury settled all questions of fact in favor of plaintiff.

2. It was competent to show defendant's plea of guilty to the criminal charge. 2 Greenl. Ev., § 90.

3. The law was properly announced to the jury by the numerous instructions. Defendant's sixth instruction that was refused was not justified by § 3080 of the code of 1880. Section 1549 is the only one that applies, and it is covered by a charge that was given. It was proper to refuse defendant's seventh instruction. 2 Greenl. Ev., § 93.

COOPER, J., delivered the opinion of the court.

This is an action by appellee to recover damages for injuries inflicted by appellant by an assault and battery. From a verdict and judgment for two hundred dollars the defendant appeals. The principal error assigned is the action of the court in giving the sixth instruction asked by plaintiff, which is as follows:—

" The court instructs the jury that if they find for plaintiff they have the right to take into consideration, in estimating the damages, the pecuniary condition of both the plaintiff and defendant."

It is said by counsel for appellant that there is neither principle nor authority for instructing a jury in cases of this character to take into consideration the poverty of the plaintiff.

We find no difficulty in supporting the charge upon both principle and authority. The evidence shows that the plaintiff was a poor man, dependent upon his personal labor for his support, and that by reason of the injuries inflicted upon him he was for more than two weeks unable to properly perform his duties, and yet feels the effect of the blows and kicks administered by the defendant.

In actions of this character, in which insult and mortification bear so large proportion to the injury inflicted, juries are not restricted to the actual pecuniary damages sustained. Treating of such actions, Greenleaf says : " Nor are the jury confined to the mere corporal injury which the plaintiff has sustained ; but they are at liberty to consider the malice of the defendant, the insulting character of his conduct, *the rank in life of the several parties,* and all the circumstances of the outrage, and thereupon to award such exemplary damages as the circumstances may in their judgment require."

In *McNamara* v. *King,* 2 Gill. (Ill.) 432, the trial court had permitted evidence of the pecuniary condition of both plaintiff and defendant, and this was assigned for error. The court said : " We are of opinion that the circuit court decided correctly in admitting the evidence and giving the instructions. In actions of this kind the condition in life and circumstances of the parties are peculiarly the proper subjects for the consideration of the jury in estimating damages ; their pecuniary condition may be inquired into. It may be readily supposed that the consequences of a severe personal injury would be more disastrous to a person destitute of pecuniary resources, and dependent wholly on his manual exertions for the support of himself and family, than to an individual differently situated in life. The effect of the injury might be to deprive him and his family of the comforts and necessaries of life. It is proper that the jury should be influenced by the

pecuniary resources of the defendant. The more affluent, the more able he is to remunerate the party he has wantonly injured."

In *Gaither* v. *Blowers*, 11 Md. 536, this decision was approved as "good sense," and as such we add our concurrence in it.

We find no error in the proceedings. The appellant may congratulate himself upon escaping with so moderate a verdict. A very much larger one would have been supported by the evidence and would have met our hearty approval.

*Affirmed.*